IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC P. RUNDQUIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:11-cv-1068-WKW |
| | ) | |
| MARGARET MAYFIELD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the court are Defendants' motions to dismiss (Docs. 7, 10, 12, 17, & 19). On December 27, 2011, the District Judge referred this matter to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Order (Doc. 6).

Plaintiff, proceeding *pro se*, filed the instant action on December 15, 2011. *See* Compl. (Doc. 1). As a preliminary matter, the court observes that Plaintiff's Complaint is not a model of clarity. As best the court can discern, Plaintiff's claims stem from a hearing conducted in a child support case in the Circuit Court of Lee County, Alabama, case number 43-DR-2007-447.03, on or about December 6, 2011. The hearing resulted in Plaintiff being required to pay $5,000 in delinquent child support, with the threat of being jailed for noncompliance. The Complaint names as defendants Plaintiff's ex-wife as well as the judges, attorneys, and court staff involved with that state court case. Specifically, Plaintiff lists as defendants: 1) Margaret Mayfield, Lee County Assistant District Attorney; 2) the

District Attorney's Office, 37th Judicial Circuit of Alabama; 3) Nick Abbett, Lee County

District Attorney; 4) the Alabama Department of Human Resources (CSE or IV-D) Division;

5) Nancy Buckner; 6) the Circuit Court for Lee County, Alabama; 7) Judge Richard D. Lane;

8) Ben Hand, Referee; 9) Corinne T. Hurst, Clerk for the Circuit Court of Lee County,

Alabama; 10) Ann B. Rundquist, Plaintiff's ex-spouse; 11) Robert G. Poole, attorney for Ann

Rundquist in a related post-divorce action; 12) Whittelsey, Whittelsey & Poole, P.C.

("WWP"), a law firm.  Plaintiff alleges eight causes of action:

> 1) "Failure to Require Sworn Testimony in Violation of 42 U.S.C. §
> 1983" against Defendants "Hand and Lane in their individual capacities";
> 2) "Failure to allow Plaintiff Counsel in violation of 42 U.S.C. § 1983"
> against Defendants "Hand and Lane in their individual capacities";
> 3) "Failure to allow Plaintiff to Confront Witnesses in Violation of 42
> U.S.C. § 1983" against Defendants "Hand and Lane in their individual
> capacities";
> 4) "Conspiracy to take Plaintiff's Property without Due Process in
> Violation of 42 U.S.C. § 1983" against Defendants "Mayfield, DHR, Ex-
> Spouse and Poole in their individual capacities and the Supervisory
> Defendants, in their individual and official capacities" as well as Defendants
> "Hand and Lane in their individual capacities";
> 5) "Supervisory Violations of 42 U.S.C. § 1983" filed "Against the
> Supervisory Defendants in their official capacities, Mayfield in her official
> capacity with respect to DHS";
> 6) state law claims for "Intentional Infliction of Emotional Distress and
> Conspiracy" against Defendants "Mayfield, Ex-Spouse and Poole";
> 7) "Conspiracy to take Plaintiff's Property without Due Process in
> Violation of 42 U.S.C. § 1983" against Defendants "Mayfield, Alabama Court,
> Lane, Hand and Hurst" because Defendants "Mayfield, Alabama Court, Lane,
> Hand and Hurst acted individually and in concert to deny the Plaintiff the right
> to a transcript of the proceedings in violation of Alabama Rules of Civil
> Procudure [sic] and Due Process in violation of 42 U.S.C. § 1983" ; and
> 8) "Conspiracy to take Plaintiff's Property without Due Process in
> Violation of 42 U.S.C. § 1983" against Defendants "Mayfield, Alabama Court,
> Lane, Hand and Hurst" because Defendants "Mayfield, Alabama Court, Lane,

Hand and Hurst acted individually and in concert to deny the Plaintiff a fair and impartial hearing in violation of Alabama Rules of Civil Procedure and Due Process in violation of 42 U.S.C. § 1983."

Compl. (Doc. 1) at 2.[1]  As relief, Plaintiff seeks to have "[t]he court issue an Order and Permanent Injunction" that:

a. Appoints an independent monitor (the "Monitor"), to be determined by the Court, who shall oversee certain activities of DHS, DA's Office and Alabama Court for a period of ten (10) years, and who shall report to the Court on an annual basis regarding Defendants' compliance or non-compliance with the terms of the Permanent Injunction:

b. Authorizes the Monitor to establish, review, and enforce all policies applicable to the management of the DHS, DA's Office and Alabama Court as they relate to domestic relations matters.

c. Prohibiting threats, inducements, or intimidation of witnesses or parties;

d. Requires the DHS, DA's Office and Alabama Court to pay all costs relating to the Monitor during the period of the Permanent Injunction; and

e. Refer the finding of fact, conclusions of law and any jury verdict to the State Bar of Alabama for further administrative actions against any individuals holding a license to practice law in the State of Alabama.

Compl. (Doc. 1) at 14.  Plaintiff also seeks compensatory and punitive damages as well as "attorney fees, costs, expenses, and interest incurred in pursuit of this action."  *Id.*

_____

[1] While Plaintiff's Complaint states this is "a civil action for damages and injunctive relief under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 42 U.S.C. § 1988(b), the Constitution, Statutes and common law of the state of Alabama arising from egregious violations of the Plaintiff's civil rights as guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States," with the exception of his state law claims, Plaintiff addresses his claims only in terms of 42 U.S.C. § 1983.

3

Upon consideration of Defendants' motions to dismiss (Docs. 7, 10, 12, 17, & 19), and for the reasons that follow, the undersigned RECOMMENDS that the motions to dismiss be GRANTED and this case be dismissed for lack of subject matter jurisdiction.

## I.   DISCUSSION

### A.   Lack of Subject Matter Jurisdiction Over Plaintiff's Federal Claims

"[It] is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking". . . and, "[i]f the court finds that it does not have subject matter jurisdiction, the court's sole remaining act is to dismiss the case for lack of jurisdiction."  *Guevara v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006). *See also Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.") (citing *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985).

### 1.   The *Rooker-Feldman* Doctrine

To the extent Plaintiff seeks review of the child support orders entered by the Circuit Court of Lee County, this court does not have jurisdiction to review his claims.[2]  Under the

_____

[2] Plaintiff states "[t]hat on or about December 6, 2010, Defendant Hand entered an order directing the Plaintiff pay to DHR $5,000.00 plus costs to Defendant Hurst by noon on December 7, 2010.  He also made other finding of fact without the benefit of sworn testimony.  Hand stated that if the $5,000.00 was not paid by noon on December 7, 2010 that he would sign an arrest warrant against the Plaintiff."  Compl. (Doc. 1) at 7.  In December 2010, Judge Hand entered an Order of Arrearage/Contempt Non-Payment of Support.  *See* Defs.' Ex. I (Doc. 20-9) at 2.

*Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction of final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). The doctrine applies to "'cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* at 464 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Court of Appeals for the Eleventh Circuit has held that "[t]he doctrine applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are 'inextricably intertwined' with the state court's judgment." *Powell v. Powell*, 80 F.3d 464, 466 (11th Cir. 1996).

The "*Rooker-Feldman* doctrine bars lower federal court jurisdiction where four criteria are met:  (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment." *Storck v. City of Coral Springs*, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003) (citation omitted). "A federal claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the

---

Plaintiff then filed "Objection to Findings and Recommendations of Referee and Request for Re-Hearing." Defs.' Ex. J (Doc. 20-10).

extent that the state court wrongly decided the issues before it.'" *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (citation omitted).

Plaintiff argues "there has not been a final judgment on the merits, the causes of action are vastly different and there is no commonality of the parties." Pl.'s Resp. (Doc. 33) at 7. Plaintiff further adds, "[t]he issue at stake in the State proceedings is in the domestic relations arena, the issue here is the Defendant's violation of the Plaintiff's civil rights. There has been no civil rights issue litigated in the State proceeding.  There has been no judgment in the State proceeding." *Id.* The court finds that Plaintiff's argument is due to fail.

First, Plaintiff was the same party in the underlying child support state court proceeding.  Second, while it is unclear whether or not this case was pending in state court at the time Plaintiff filed suit in this court, an order finding Plaintiff in contempt and ordering him to pay child support is a final order for purposes of *Rooker-Feldman*. *See McGee v. Kell*, 335 F. App'x 3, 5 (11th Cir. 2009) (affirming district court's finding that it lacked jurisdiction, under *Rooker-Feldman* doctrine, to consider father's complaint seeking declaratory judgment and other equitable relief from certain orders entered by state court judge, which found that father was in contempt of state court's order for child support and ordered father to pay unpaid support and to make payments necessary to clear title on certain real property; father was "state court loser" in his divorce proceeding and child custody dispute who was complaining of injuries caused by allegedly improper state court contempt

6

orders.).  Plaintiff's assertion that there has been no adjudication because he has now couched his claims as a violation of his civil rights is due to fail because "[a] section 1983 action is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court."  *Rolleston v. Eldridge*, 848 F.2d 163, 165 (11th Cir. 1988).

The third criterion is also satisfied in this case.  Plaintiff argues "there is no adequate state remedy nor is there any opportunity for constitutional review." Pl.'s Resp. (Doc. 35) at 6.  However, Defendants have presented evidence that Plaintiff was able to, and in fact did, raise these claims in his state court proceedings.[3]  Regardless, "[i]t is immaterial whether Plaintiff ever actually raised his constitutional claims in the state court proceedings.  What matters is whether the plaintiff had a 'reasonable opportunity' to do so."  *Wall v. Wall*, 2009 WL 3110208, at *2 (M.D. Ala. Sept. 24, 2009).  Plaintiff would not have been precluded from asserting constitutional claims in the circuit court or on appeal and, indeed, he did raise these constitutional claims.  Thus, Plaintiff did have a "reasonable opportunity" to raise his federal claims in the state court proceedings.  *See, e.g.*, *Alexander v. Lubbe*, 2012 WL 2974778, at *10 (N.D. Fla. Apr. 16, 2012) ("[I]t appears that virtually all the allegations made in this action were raised in state court, but, according to plaintiff, were overlooked or ignored.  In particular, the multitudinous claims of perjury, conspiracy, and falsified documents, are exactly the types of matters that would be raised in the serial child custody

---

[3] On December 8, 2010, Plaintiff filed "Objection to Findings and Recommendations of Referee and Request for Re-Hearing."  Defs.' Ex. J (Doc. 20-10).  Part of Plaintiff's objections argue that "[t]he findings and recommendations of the Referee violate due process rights, both State and Federal, of the Defendant in this cause."  *Id.* at 3.

proceedings described in the complaint.  The state courts rendered determinations adverse to [the plaintiff], who now asks a federal tribunal for relief that would, in essence, overturn those state court decisions.  Such collateral review of state court decisions is barred by the *Rooker-Feldman* doctrine, which operates to foreclose federal jurisdiction in this case.").

Finally, each of Plaintiff's federal claims is "inextricably intertwined" with the state court's decision.  Because Plaintiff's complaint centers around the state court's order requiring him to pay delinquent child support, it is clear that Plaintiff's federal claims would succeed "only to the extent that the state court wrongly decide the issues before it" and thus, this court is barred from exercising jurisdiction under *Rooker-Feldman*.[4]

The court notes that the fact that Plaintiff seeks damages, in addition to injunctive relief, does not allow him to evade the *Rooker-Feldman* jurisdictional bar.  The "Court of Appeals for the Eleventh Circuit does not distinguish between cases in which a plaintiff seeks relief that would directly prevent enforcement of a state-court order and cases in which

---

[4] It does not matter that Plaintiff's instant action alleges civil rights or constitutional violations.  "United States district courts 'do not have jurisdiction . . . over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.'" *Rolleston*, 848 F.2d at 165 (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)).  *See also Dupree v. City of Phenix City*, 2011 WL 6778799, at *4 (M.D. Ala. Oct. 20, 2011) ("A federal court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983 with respect to challenges of state court decisions in particular cases arising out of state judicial proceedings even if those challenges allege that the state court's action was unconstitutional.") (*citing Datz v. Kilgore*, 51 F.3d 252 (11th Cir.1995)).  In a similar case, *Manning v. Harper*, 460 F. App'x 872 (11th Cir. 2012), the Court of Appeals for the Eleventh Circuit held that the district court lacked subject matter jurisdiction to hear the plaintiff's claims because "the district court could only have decided that these judicial actions violated [the plaintiff]'s due process rights by holding that the Florida judges wrongly decided the issues before them or invalidating their rulings." *Manning*, 460 F. App'x at 876.

8

a plaintiff seeks damages under § 1983 based on issues related to the state cause of action."

*Alexander*, 2012 WL 2974778, at *11 (citing *Goodman ex rel. Goodman v. Sipos*, 259 F.3d

1327, 1333(11th Cir. 2001).   "Rather, Eleventh Circuit decisions 'focus on the federal

claim's relationship to the issues involved in the state court proceeding, instead of on the type

of relief sought by the plaintiff.'"   *Id.* (citing *Sipos*, 259 F.3d at 1333).   In *Sipos*, the Court

of Appeals for the Eleventh Circuit noted "[t]he *Rooker-Feldman* doctrine is broad enough

to bar all federal claims which were, or should have been, central to the state court decision,

even if those claims seek a form of relief that might not have been available from the state

court."   *Sipos*, 259 F.3d at 1333.

## 2.   The *Younger* Abstention Doctrine

To the extent that the state court proceeding was pending at the time Plaintiff filed the

instant lawsuit, his cause of action is also subject to dismissal pursuant to the *Younger*

abstention doctrine.   The abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37

(1971), reaffirmed the "strong federal policy against federal-court interference with pending

state judicial proceedings."   *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457

U.S. 423, 431 (1982).   "The policies underlying *Younger* are fully applicable to noncriminal

judicial proceedings when important state interests are involved."   *Id*. at 432.   In determining

whether it must abstain from exercising jurisdiction under *Younger*, a court must consider

three factors:   (1) whether there is an ongoing state judicial proceeding; (2) whether the

proceeding implicates important state interests; and (3) whether there is an adequate opportunity to raise constitutional challenges in the state proceeding.  *Id.*

In this case, all three factors require this court to abstain from exercising jurisdiction over Plaintiff's claims.  For purposes of this discussion, the court assumes there was a pending state court action at the time Plaintiff filed suit in this court.[5]  As for the second factor, "[t]he ability to collect child support payments is an important state interest."  *Adams v. State of Florida*, 185 F. App'x 816 (11th Cir. 2006).  Finally, the third factor is also met in this case because, as discussed previously, Plaintiff not only had the opportunity to raise his constitutional issues in a state court proceeding, he actually did raise these constitutional claims.

Moreover, the court notes that as part of his relief, Plaintiff seeks "an Order and Permanent Injunction" that, among other things, "[a]ppoints an independent monitor . . . who shall oversee certain activities of DHS,  DA's Office and Alabama Court for a period of ten (10) years, and who shall report to the Court on an annual basis regarding Defendants' compliance or non-compliance with the terms of the Permanent Injunction" and "[a]uthorizes the Monitor to establish, review,  and enforce all policies applicable to the management of the DHS, DA's Office and Alabama Court as they relate to domestic relations matters."  Compl. (Doc. 1) at 14.  This type of monitoring of state court

---

[5] Plaintiff himself states "there has not been a final judgment on the merits."  Pl.'s Resp. (Doc. 33) at 7.  Regeardless, if there was a final judgment at the time Plaintiff filed suit, the *Rooker-Feldman* jurisdictional bar would apply.  *See* supra Section A.

procedures by federal courts offends principles of federalism and comity and is precisely the kind of supervision that was discouraged by the Supreme Court in *O'Shea v. Littleton*, 414 U.S. 488 (1974).  "'[T]he principles of equity, comity, and federalism . . . must restrain a federal court when asked to enjoin a state court proceeding.'"  *O'Shea*, 414 U.S. at 499 (quoting *Mitchum v. Foster*, 407 U.S. 225, 243 (1972)).  *See also Pompey v. Broward Cnty.*, 95 F.3d 1543, 1550 (11th Cir. 1996) ("Federal 'inferior courts' have no more business issuing supervisory injunctions to safeguard federal constitutional rights in state court proceedings than state courts have issuing such injunctions to safeguard federal constitutional rights in federal court proceedings"); *Parker v. Turner*, 626 F.2d 1, 9 (6th Cir. 1980) (holding that a federal court will not enjoin the alleged unconstitutional practices of states judges who allegedly failed to properly follow the law even in the absence of a pending state proceeding, because the relief sought would require monitoring of the judges' conduct).

For the reasons discussed above, to the extent the state court action was pending at the time Plaintiff filed suit in this court, this court must abstain from exercising jurisdiction under the *Younger* Abstention doctrine.

### B.    Pendent Jurisdiction

Plaintiff also raises two state law claims alleging "Intentional Infliction of Emotional Distress and Conspiracy" against Defendants "Mayfield, Ex-Spouse and Poole."  Plaintiff alleges that Defendants "Mayfield, Ex-Spouse and Poole acted

11

individually and in concert to manufacture inculpatory evidence and to conceal exculpatory evidence for the purpose of perpetuating a contempt action against Plaintiff falsely charging him with failure to pay child support[.] That these actions were calculated to shame, to humiliate, and to produce public condemnation of the Plaintiff." Compl. (Doc. 1) at 12. Plaintiff further alleges that "these actions evidenced a pattern and practice of extreme and outrageous behavior pursued with the intent to cause Plaintiff to suffer severe emotional distress" and that "[a]s a result of Defendants' intentional and outrageous conduct, plaintiff has suffered and continues to suffer from emotional and mental conditions" as well as "disabling emotional, mental, and physical harm." *Id.* These are state law claims, are pled as state claims (Doc. 1), and rely solely on Alabama law. Therefore, Plaintiff is seeking to invoke pendent jurisdiction of this court to consider these state claims.

The exercise of this court's supplemental jurisdiction would be inappropriate. For a federal court to exercise pendent or supplemental jurisdiction over state law claims, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414 (11th Cir. 1984) (quoting *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir. 1981), (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966))). The exercise of this jurisdiction is discretionary. *Id.* at 726. "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even

requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428.  In view of the court's determination that it lacks subject matter jurisdiction over Plaintiff's federal claims, the pendent state law claims are also due to be dismissed.  *Gibbs,* 383 U.S. at 726 ("[I]f the federal claims are dismissed prior to trial . . . the state claims should be dismissed as well."); *see also Ray v. Tenn. Valley Auth.*, 677 F.2d 818 (11th Cir. 1982).

### C.    Motions for Attorney's Fees

Also pending before this court are requests for the award of attorney's fees, pursuant to 42 U.S.C. § 1988.  The requests are contained in the motions to dismiss filed by Defendants Poole and WWP (Doc. 10 at 8) and Ann Rundquist (Doc. 12 at 6). Defendants District Attorney Nick Abbett, Assistant District Attorney Mayfield, and the Lee County District Attorney's Office also include a request for attorney's fees in their Memorandum Brief in Support of Their Motion to Dismiss (Defs.' Br., Doc. 20 at 36). The court construes the Defendants' Memorandum Brief (Doc. 20) to contain a motion for attorney's fees.

The award of attorney's fees to a prevailing defendant in a § 1983 action is within the discretion of the district court.  42 U.S.C. § 1988.  However, "[t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation.  The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).  In this case, the court never

reached the question of whether or not Plaintiff's claims are meritless and, thus, it also did not decide whether Defendants prevailed on the merits, as the court declined to exercise jurisdiction over any of Plaintiff's claims.  *See Daugherty v. Westminster Schools, Inc.*, 174 F.R.D. 118, 121 (N.D. Ga. 1997) ("[T]he case law indicates that a defendant cannot recover its attorney's fees pursuant to § 1988 when its victory was gained through a dismissal based on a lack of subject matter jurisdiction."); *see also Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) (finding that qualification as a prevailing party under 42 U.S.C. § 1988 requires that "a party ha[ve] prevailed on the merits of at least some of his claims.  For only in that event has there been a determination of the 'substantial rights of the parties,' which Congress determined was a necessary foundation for departing from the usual rule in this country that each party is to bear the expense of his own attorney").

As the *Hughes* court explained, like Title VII claims, "assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of" civil rights claims.  *Id*. at 14-15.  Further, the *Hughes* court instructed that the limitations of assessing attorney's fees in a civil rights case brought under § 1983 apply with special force to persons acting *pro se. Id*. at 15 ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims . . . even if the law or the facts are somewhat

14

questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit.").

The court is fully aware of Defendants' frustrations over this litigation. However, after carefully considering Plaintiff's claims and the court's grounds for dismissal as well as the early stage of this litigation, the inconvenience to the parties, and weighing the possible chilling effect on the enforcement of civil rights, by awarding attorney's fees to a defendant in a § 1983 civil rights action, the court has determined that the Defendants' motions for attorney's fees pursuant to § 1988 (Docs. 10, 12, & 20) are due to be denied. *See Martin v. Heckler*, 733 F.2d 1499, 1502 (11th Cir. 1984) ("The special circumstances proviso of the prevailing party rule gives the Court discretion to deny attorney's fees awards where equitable considerations dictate an award should not be made.").

## II.   CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the undersigned that:

1.    Defendants' motions to dismiss (Docs. 7, 10, 12, 17, & 19) be GRANTED and Plaintiff's claims be DISMISSED as to all defendants; and

2.    Defendants' motions for attorney's fees (Docs. 10, 12, & 20) be DENIED.

It is further

ORDERED that on or before **September 6, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive

15

or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 23rd day of August, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE