IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ERIC P. RUNDQUIST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:11-CV-1068-WKW |
| ) | [WO] |
| MARGARET MAYFIELD, ) | |
| THE DISTRICT ATTORNEY'S ) | |
| OFFICE, 37TH JUDICIAL CIRCUIT ) | |
| OF ALABAMA, NICK ABBETT, ) | |
| THE ALABAMA DEPARTMENT OF ) | |
| HUMAN RESOURCES, NANCY ) | |
| BUCKNER, CIRCUIT COURT FOR ) | |
| LEE COUNTY, ALABAMA, ) | |
| RICHARD D. LANE, BEN HAND, ) | |
| CORINNE T. HURST, ANN B. ) | |
| RUNDQUIST, ROBERT G. POOLE, ) | |
| and WHITTELSEY, WHITTELSEY & ) | |
| POOLE, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the court is the Recommendation of the Magistrate Judge ("Recommendation," Doc. # 36) regarding Defendants' motions to dismiss and motions for attorney's fees. Plaintiff filed a timely objection. (Doc. # 38.) For the reasons that follow, the Recommendation is due to be adopted.

## I. BACKGROUND

Plaintiff's claims arise from proceedings to collect child support in the Circuit Court of Lee County, Alabama, ("State Court"). (Doc. # 1 at 3.) The State Court issued an order holding Plaintiff in contempt on December 6, 2010. (Doc. # 20, Exhibit I.) In January 2011, the State Court entered a second order granting in part Plaintiff's motion to amend the contempt order. (Doc. # 20, Exhibit M.) Finally, the State Court entered a third order in October 2011 confirming its position and restating that the $5,000 sum paid by Plaintiff pursuant to the December 2010 contempt order represented owed child support paid to purge Plaintiff's contempt. (Doc. # 20, Exhibit O.)

Plaintiff, proceeding *pro se*, then filed the instant action on December 15, 2011. (Doc. # 1.) Plaintiff raises eight causes of action. Seven are claims under 42 U.S.C. § 1983 alleging that Defendants violated Plaintiff's rights to procedural due process in the December 2010 proceeding; the eighth is a state law claim for intentional infliction of emotional distress and conspiracy arising from the same events. (Doc. # 1 at 8–13.) In addition to money damages, Plaintiff seeks relief in the form of a mandatory injunction. (Doc. # 1 at 14.) He asks this court to appoint "an independent monitor" to oversee Defendants' activities for a period of ten years and to require that the monitor report to this court on compliance annually. (Doc. # 1 at 14.) Plaintiff

does not ask this court to enjoin any state proceeding against him. (Doc. # 1 at 14–15.)

## II. STANDARD OF REVIEW

The court reviews *de novo* the portion of the Recommendation to which the objection applies. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

In the Recommendation, the Magistrate Judge found that "[t]o the extent Plaintiff seeks review of the child support orders entered by the Circuit Court of Lee County," (Doc. # 36 at 4), the *Rooker-Feldman* Doctrine deprives this court of jurisdiction to hear Plaintiff's claims. *See Rooker v. Fid. Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The Doctrine prevents federal courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commence and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

*Rooker-Feldman* applies where a state court loser appears before a federal district court seeking review of a judgment in state court. *See id.* at 293–94 (declaring *Rooker-Feldman* abstention inappropriate where federal plaintiff filed action in federal

court before the state court rendered any judgment).  There are four criteria for *Rooker-Feldman* abstention.  First, the party in federal court must be the same as the party in state court.  *Storck v. City of Coral Springs*, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003) (citation omitted).  Second, the relevant state court ruling must have been conclusive on the merits.  *Id.*  Third, the federal plaintiff must have had a reasonable opportunity to raise its federal claims in the state proceeding.  *Id.*  Fourth, the state court must either have adjudicated the issue before the federal court or the issue raised in federal court must be inextricably intertwined with the state court's judgment.  *Id.*

Because each requirement is met, *Rooker-Feldman* applies.  First, Plaintiff acknowledges in his objection that the commonality of parties requirement is met. (Doc. # 38 at 4.)  Second, as observed by the Magistrate Judge, the State Court orders entered are final orders for the purposes of *Rooker-Feldman*.  *See McGee v. Kell*, 335 Fed. App'x 3, 4–5 (11th Cir. 2009) (affirming district court's abstention based on *Rooker-Feldman* where plaintiff brought suit in federal court seeking relief from contempt orders entered in state court based on federal plaintiff's unpaid child support obligations). Third, Plaintiff not only had a reasonable opportunity to raise his federal procedural due process claims in the State Court, he apparently did so.  Plaintiff argued in his motion to vacate the December 2010 contempt order that the presiding Referee failed to receive "any sworn testimony."  (Doc. # 20, Exhibit L.)  This

assertion is among the facts Plaintiff cites as procedural due process violations in his cause of action before this court. (Doc. # 1 at 9.)

Fourth, Plaintiff's federal claims are inextricably intertwined with the State Court orders. Though Plaintiff does not ask this court to enjoin any specific proceeding against him, the relief he seeks would effectively reverse the State Court orders. If this court were to find that Plaintiff's constitutional rights had been violated, that ruling would render the state court's orders invalid. *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1333 (11th Cir. 2001) (holding that *Rooker-Feldman* applies even where a plaintiff seeks damages in federal court, as the doctrine is "broad enough to bar all federal claims which were, or should have been, central to the state court decision, even if those claims seek a form of relief that might not have been available from the state court"). Although "*Rooker-Feldman* is a narrow doctrine," *Exxon Mobil Corp.*, 544 U.S. at 284, it applies here to deprive the court of jurisdiction over Plaintiff's federal claims. Such claims should therefore be dismissed without prejudice.

Plaintiff also asserts a cause of action under state law. As Plaintiff correctly observes in his objections, however, in the absence of jurisdiction over the claims arising under federal law (Doc. # 38 at 10), there is no basis for jurisdiction over the state law cause of action because the federal court has no jurisdiction over a

substantial federal claim arising from the same facts. *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). In view of this court's determination that it lacks subject matter jurisdiction over Plaintiff's federal claims, the state law claims are also due to be dismissed.

## IV. CONCLUSION

Accordingly, it is ORDERED as follows:

1. Plaintiff's objection (Doc. # 38) is OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. # 36) is ADOPTED;

3. Defendants' motions to dismiss (Docs. # 7, 10, 12, 17 & 19) are GRANTED;

4. Plaintiff's claims are DISMISSED without prejudice as to all Defendants; and

5. Defendants' motions for attorney's fees (Docs. # 10, 12 & 20) are DENIED.

A separate final judgment will be issued.

DONE this 17th day of September, 2012.

                                       /s/ W. Keith Watkins  
                            CHIEF UNITED STATES DISTRICT JUDGE